In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00002-CV


______________________________





IN RE: ADONIS TARBUTTON









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Adonis Tarbutton has petitioned this Court to issue a writ of mandamus compelling Collin
County Criminal District Attorney John Roach to provide any exculpatory evidence Roach may have
in his possession. We are without jurisdiction to issue a writ of mandamus against a district attorney.
See Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004); In re Ruston, No. 05-07-01379-CV, 2007
Tex. App. LEXIS 8726 (Tex. App.--Dallas Nov. 2, 2007, orig. proceeding) (mem. op., released for
publication).

 We deny Tarbutton's petition.




 Bailey C. Moseley

 Justice


Date Submitted: January 15, 2008

Date Decided: January 16, 2008





hearing in which he argues that his notice of appeal was
timely because he was not sentenced April 11, 2006, but instead was sentenced one month later, on
May 11, 2006. Were that the case, his notice of appeal would be timely, and we would have
jurisdiction over the appeal. 

 The record before us indicates otherwise. The only record indications of Falcon's date of
sentencing both point to April 11: (1) the judgment which so recites and (2) the docket sheet entry
which confirms that date. The judgment states categorically that, on the "11th day of April, 2006

. . . the court proceeded, in the presence of the Defendant and his attorney, to pronounce sentence

. . . ." That judgment was not signed until May 11, 2006. Unlike civil cases, however, as we pointed
out in our original opinion, the date on which sentence was imposed is the date on which the
appellate timetable began running--not the date on which the judgment was signed, as it is in civil
appeals.

 We overrule the motion for rehearing. 


 Josh R. Morriss, III

 Chief Justice


Date: October 25, 2006